UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ArcBest II, Inc., | No. 2:21-cv-00627-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Nicholas Oliver, et al., | |
| Defendants. | |

Plaintiff asks this court to alter or amend its judgment. For the following reason, the motion is **denied**.

I.  BACKGROUND

Plaintiff ArcBest II, Inc., which does business as "U-Pack," is a "federally licensed . . . property broker and freight forwarder." First Am. Compl. (FAC) ¶ 17, ECF No. 11. It provides containers for its "do-it-yourself moving service." *Id.* ¶ 31. U-Pack alleges it would start offering intrastate moving services in California if not for the threat of "enforcement actions and penalties" under the Household Movers Act, California Business & Professions Code § 19225 *et seq. Id.* ¶ 9.

Plaintiff brought a claim asserting the Federal Aviation Administration Authorization Act of 1994 (FAAAA) preempts the Household Movers Act. This court previously resolved three motions:

1

- Defendants' motion to dismiss.  MTD, ECF No. 15; MTD Opp'n, ECF No. 22; Reply, ECF No. 24.
- Plaintiff's motion for summary judgment.  Pl. MSJ, ECF No. 17.
- And, defendants' motion for summary judgment, Cross MSJ, ECF No. 20; Cross MSJ Opp'n, ECF No. 23; Reply, ECF No. 24.[1]

The court heard arguments via videoconference, Hr'g Mins., ECF No. 25, and ultimately granted the motion to dismiss in part, granted plaintiff's motion for summary judgment in part and granted defendants' motion for summary judgment in part, Prev. Order (Mar. 25, 2022), ECF No. 28.  The court entered judgment and closed the case.  J., ECF No. 29.

Plaintiff moves for this court to alter or amend its judgment.  Mot., ECF No. 30-1.  The motion is fully briefed and submitted.  Opp'n, ECF No. 33[2]; Reply, ECF No. 34; Min Order, ECF No. 36.

## II.    LEGAL STANDARD

A motion for reconsideration or relief from a judgment "[u]nder Rule 59(e), . . . should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."  L.R. 230(j)(3)–(4).

/////

/////

---

[1] Defendants filed one reply that addressed both their motion to dismiss and motion for summary judgment.

[2] The court **grants** the defendants' request to file their opposition a day late.  ECF No. 32.

### III. ANALYSIS

Plaintiff asks this court to alter or amend its judgment because, it says, the court did not address two of plaintiff's arguments in its decision. Mot. at 1 (citing *Kempf v. Barrett Bus. Servs., Inc.*, No. 06-3161, 2007 WL 4167016, at *1, *3 (N.D. Cal. Nov. 20, 2007)).

First, plaintiff argues the court did not address plaintiff's contention that the Household Movers Act's insurance requirements exception "is expressly 'limited to states' authority to regulate 'motor carriers'—not freight forwarders or brokers' like U-Pack." *Id*. at 2. Plaintiff claims the court should have "held the insurance requirement preempted because U-Pack undisputedly is not a motor carrier." *Id.* While defendants agree the exception does not apply to plaintiff, Opp'n at 4, the parties' positions do not alter the court's preemption analysis. Rather, it appears the regulation does not apply to plaintiff, not that the state of California is preempted from having the regulation at all. Thus, assuming without deciding that the court accepts this argument, it does not conflict with the court's prior conclusion that the insurance requirement was not preempted.

Next, plaintiff acknowledges the court addressed whether Section 14501(c)(1) of the FAAAA preempted the permit, display, insurance, and recordkeeping requirements of the Household Movers Act. Mot. at 1. But plaintiff argues the court did not address or resolve whether plaintiff's planned intrastate services were preempted by section 14501(b) of the FAAAA. *Id*. The court did consider this argument in reaching its conclusion in the prior order. To the extent the court's analysis is not reflected in the text of that order, the court clarifies its position below.

Section 14501(b)(1) preempts any state "law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker." 49 U.S.C. § 14501(b)(1). Meanwhile, § 14501(c)(1) governs a state's ability to "enact or enforce a law . . . related to a price, route, or service of . . . any motor private carrier, broker, or freight forwarder." *Id.* § 14501(c)(1). "Although § 14501(c)(1) pertains to interstate motor carriers and § 14501(b)(1) pertains to intrastate freight brokers, both subsections provide that the state law must 'relate to' rates, routes, and services in order to be preempted by the FAAAA." *Delivery Express, Inc. v. Sacks*, No. 15-

3

5842, 2016 WL 3198321, at *3 (W.D. Wash. June 9, 2016), *aff'd*, 728 F. App'x 730 (9th Cir. 2018). "Given the similar language between the two subsections," courts have found "cases analyzing § 14501(c)(1) to be instructive." *Id.* (applying "'related to' rates, routes, or services" analysis of section (c) cases in resolving section (b) preemption question); *see Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570 (1995) ("[It is a] normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning.") (quotations omitted).

In its previous analysis this court noted that the challenged provisions had no relation to "price, route, or service." Prev. Order (Mar. 25, 2022) at 14, 16–18. The same analysis and conclusion show why the Household Movers Act permit, display, insurance, and recordkeeping requirements are not preempted under § 14501(c)(1) and § 14501(b)(1).

Furthermore, while plaintiff has always claimed § 14501(b)(1) precluded the challenged provisions, plaintiff never explained how those provisions were related to rates, routes, or services under § 14501(b)(1). *See* Pl. MSJ at 13–14. In particular, plaintiff has never explained why the "related to" analysis would differ when applying the two FAAAA sections. Rather, plaintiff only argued that the household movers exception of § 14501(c) did not apply to § 14501(b) and the two sections concerned "different regulatory subjects." *Id.*; Cross MSJ Opp'n at 5; MTD Opp'n at 9–11.

Thus, the court's analysis, which it incorporates here by reference, Prev. Order (Mar. 25, 2022) at 12–18, should be read as based on a full consideration of preemption under both §§ 14501(b) and (c) of the FAAAA.

IV. **CONCLUSION**

The court **denies the motion (ECF No. 30)**

The court **grants the defendants' request to file their opposition a day late (ECF No. 32)**.

IT IS SO ORDERED.

DATED: June 8, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

4